IN THE CIRCUIT COURT OF NEW MADRID COUNTY,
MISSOURI

| | | |
|---|---|---|
| TERRENCE BEAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | In Excess of $25,000.00 |
| LAWAYNE DEBOCK | ) | |
| 242 S. Main Street | ) | |
| Three Rivers, MI 49093 | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, Terrence Beal, by and through his attorneys, Daniel J. Grimm of the law firm of Cook Barkett Ponder and Wolz, L.C. and for his claim and cause of action against Defendant Lawayne Debock in his Petition for Damages, hereby states and alleges as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. At the time of the acts complained of herein and at all times mentioned, Plaintiff, Terrence Beal, is and was a resident of Cape Girardeau, Cape Girardeau County, Missouri.

2. That at the time of the acts complained of herein, Defendant, Lawayne Debock, (hereinafter referred to as "Debock") is and was a resident of the State of Michigan.

3. That Defendant Debock was operating a motor vehicle Northbound on Interstate 55 in the County of New Madrid, State of Missouri, an open and public roadway.

**VENUE & JURISDICTION**

4. Venue is proper in this Court, in that the acts complained of occurred in New Madrid County, Missouri.

1

Exhibit A

5.  Jurisdiction is proper in this Court, as the negligent acts complained of herein occurred in the State of Missouri.

## FACTS OF THE OCCURRENCE

6.  That on or about the 10th day of May, 2021, Plaintiff, Terrence Beal, was driving a black 2012 Ford F-350.

7.  That on or about the 10th day of May, 2021, Plaintiff, Terrence Beal, was traveling Northbound on Interstate 55.

8.  As both vehicles were traveling Northbound on Interstate 55, Defendant Debock operated his motor vehicle in such a way as to cause his vehicle to come into contact and collide with the rear end of the vehicle which Plaintiff Terrence Beal was driving.

## COUNT I

COMES NOW Plaintiff, Terrence Beal, by and through his attorneys and for Count I of his Petition for Damages against Defendant Debock, hereby states and alleges as follows:

9.  Paragraphs 1-8 above are hereby incorporated by reference as if fully set forth herein.

10. Section 304.014 provides that every person operating or driving a vehicle upon the highways of this state shall observe and comply with the rules of the road.

11. Defendant Debock was careless and negligent and failed to follow the rules of road in the following respects:

    (a)  Defendant Debock operated his motor vehicle in a careless and imprudent manner;

    (b)    Defendant Debock operated his motor vehicle at excessive speed under the circumstances;

    (c)    Defendant Debock failed to yield the right of way;

    (d)    Defendant Debock failed to keep a careful lookout;

    (e)    Defendant Debock failed to swerve, slacken his speed, stop or otherwise take evasive action after the danger was or should have been apparent; and

    (f)    Defendant Debock failed to exercise the highest degree of care while operating his motor vehicle, in violation of Section 304.012 which constitutes negligence per se.

12. As a direct and proximate result of the negligence of Defendant Debock as aforesaid, Plaintiff, Terrence Beal, suffered injury to his head, neck, back, left shoulder, left rib, left hand and said injuries are painful, permanent and progressive.

13. As a direct and proximate result of the injury to Plaintiff, Terrence Beal, as aforesaid, was required to expend and incur medical expenses.

14. That because of his injuries, Plaintiff Terrence Beal will more likely than not require future medical care and will thus incur future medical expenses.

15. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff missed significant time from work and missed additional time for his reasonable and necessary medical care, resulting in lost wages.

16. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff's ability to work in the future is limited and his ability to earn wages is diminished by the injuries he suffered in this crash.

Electronically Filed - New Madrid - May 26, 2022 - 10:49 AM

17. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered and will suffer in the future emotional distress, loss of enjoyment of life, and pain and suffering as a result of the injuries and damages he suffered in this crash.

WHEREFORE, for the above and foregoing reasons, Plaintiff Terrence Beal prays for judgment against Defendant Lawayne Debock for such sums as are fair and reasonable, which exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), together with Plaintiff's cost incurred herein and expended, all interest allowed under Missouri law, and for such other and further relief as this court deems just and proper.

**COOK, BARKETT, PONDER & WOLZ, L.C.**

By**:**   /s/ Daniel J. Grimm
**DANIEL J. GRIMM, #59209**
1610 N. Kingshighway, Suite 201
Cape Girardeau, Missouri 63701
Telephone: (573) 335-6651
Facsimile:  (573) 335-6182
E-Mail  dgrimm@cbpw-law.com
*ATTORNEY FOR PLAINTIFF*

## IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI

| | | |
|---|---|---|
| TERRENCE BEAL | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LAWAYNE DEBOCK | ) | In Excess of $25,000.00 |
| 242 S. Main Street | ) | |
| Three Rivers, MI 49093 | ) | JURY TRIAL DEMANDED |
| | ) | |
|    Defendant. | ) | |

### APPLICATION AND ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, by and through counsel, and requests the Court to appoint Mr. Aaron Nickels of Kalamazoo Process Services, Inc. at his address of PO Box 51126, Kalamazoo, MI 49005, who is a qualified and competent process server, as special process server in the above case.

Respectfully submitted,

**COOK, BARKETT, PONDER & WOLZ, LC**

By: /s/Daniel J. Grimm
**DANIEL J. GRIMM, #59209**
1610 N. Kingshighway, Suite 201
Cape Girardeau, Missouri 63701
Telephone: (573) 335-6651
Facsimile:  (573) 335-6182
E-Mail  dgrimm@cbpw-law.com
ATTORNEY FOR PLAINTIFF

**SO ORDERED!**

_____          **DATE:** _____

Case: 1:22-cv-00084-SNLJ   Doc. #:  6   Filed: 06/23/22   Page: 6 of 8 PageID #: 104



# IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM EDWARD REEVES | Case Number:  22NM-CV00305 |
|---|---|
| Plaintiff/Petitioner:<br>TERRANCE BEAL<br><br>                                                                  vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL JOHN GRIMM<br>1650 N KINGSHIGHWAY STE 302<br>CAPE GIRADEAU, MO  63701 |
| Defendant/Respondent:<br>LAWAYNE DEBOCK | Court Address:<br>New Madrid Court House<br>450 Main Street<br>NEW MADRID, MO  63869 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**   LAWAYNE DEBOCK
                                Alias:

**242 S. MAIN STREET**
**THREE RIVERS, MI  49093**

*COURT SEAL OF*

*NEW MADRID COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____5/26/22_____          _____/s/ Shannon H. Landers_____
            Date                                          Clerk   By: /s/Jo Crockett

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*
                                                    _____
                                                              Signature and Title

**Service Fees**
Summons    $_____
Non Est    $_____
Mileage    $_____ (_____ miles @ $ _____ per mile)
**Total**  $_____

See the following page for directions to officer making return on service of summons.

SJRC (07-21) SM60 (SMOS) *For Court Use Only*: **Document ID# 22-SMOS-21**   1 of 2   **(22NM-CV00305)**   SCR 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

## IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI

| | |
|---|---|
| TERRENCE BEAL | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. |
| | ) |
| LAWAYNE DEBOCK | )    In Excess of $25,000.00 |
| 242 S. Main Street | ) |
| Three Rivers, MI 49093 | )    JURY TRIAL DEMANDED |
| | ) |
|    Defendant. | ) |

### APPLICATION AND ORDER FOR APPOINTMENT
### OF SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, by and through counsel, and requests the Court to appoint Mr. Aaron Nickels of Kalamazoo Process Services, Inc. at his address of PO Box 51126, Kalamazoo, MI 49005, who is a qualified and competent process server, as special process server in the above case.

Respectfully submitted,

**COOK, BARKETT, PONDER & WOLZ, LC**

By: /s/Daniel J. Grimm
**DANIEL J. GRIMM, #59209**
1610 N. Kingshighway, Suite 201
Cape Girardeau, Missouri 63701
Telephone: (573) 335-6651
Facsimile: (573) 335-6182
E-Mail dgrimm@cbpw-law.com
ATTORNEY FOR PLAINTIFF

**SO ORDERED!**

_____    DATE: 5/26/22